UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALVADORE J. SOWELL, : Case No. 2:25-cv-355
:
    Plaintiff, :
:
vs. : District Judge James L. Graham
: Magistrate Judge Elizabeth P. Deavers
:
STATE OF OHIO, :
:
    Defendant. :
:

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the James A. Karnes Corrections Center, has filed a civil rights Complaint in this Court. (Doc. 1).

By separate Order Plaintiff has been granted leave to proceed *in forma pauperis*.[1] This matter is before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who

---

[1] Plaintiff has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), the Prisoner Litigation Reform Act's three-strikes provision. *See Sowell v. Soc. Sec. Admin. Comm'r*, Case No. 2:24-cv-3086 (S.D. Ohio Sept. 4, 2024) (Doc. 6, 11). In light of the Sixth Circuit's recent decision in *Crump v. Blue*, 121 F.4th 1108 (2024), however, Plaintiff was not precluded from proceeding *in forma pauperis* under § 1915(g) at the time he filed his Complaint in this case. *See Sowell v. United States of America*, Case No. 2:25-cv-3 (S.D. Ohio Mar. 6, 2025) (Doc. 5 at PageID 41-43) (reviewing Plaintiff's prior lawsuits and concluding that, under *Crump*, Plaintiff had not accumulated three strikes at the time of filing the complaint in that case) (Report and Recommendation), *adopted* (S.D. Ohio May 20, 2025). Although the Court has since determined that Plaintiff has again accumulated three strikes based on the dismissal of the complaint in Case No. 2:25-cv-3, *see id.* at Doc. 10, Plaintiff filed the instant action before this ruling. The Court therefore proceeds with the initial screen of the Complaint.

is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[2] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits;

3

"'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

In its entirety, Plaintiff includes the following factual allegations in the Complaint:

> The Plaintiff cannot receive a fair trial. In case numbers 22-CR-6073 and 6085; State of Ohio v. Salvatore J. Sowell, due to there being names of Franklin County Common Pleas Court judges listed on documents pertaining to a Huntington Bank lawsuit submitted in those cases aforementioned.

(Doc. 1-1, Complaint at PageID 8). Plaintiff also has filed a supporting affidavit, which asserts "that documents submitted in the cases mentioned in the Complaint pertained to an identity theft lawsuit against Huntington Bank (*See* Case Number 2:23-cv-4250 *Sowell v. Huntington Bank* )." (*Id.* at PageID 9). As he has requested in at least one of his prior cases, in the relief section of the Complaint, Plaintiff seeks for the Court to move the Social Security Administration and Ohio Department of Motor Vehicles (DMV) to produce identification cards and for Chase Bank to open an account in his name and fund it with $760,000. (*Id.* at PageID 11-12). Plaintiff further requests for the Court to "move a special agent with an order containing terms designed to have them hand-deliver all documents and items requested herein to the Plaintiff at his current place of confinement." (*Id.* at PageID 12).

As the sole Defendant to this action, Plaintiff names the State of Ohio.

### C. Analysis

Plaintiff's Complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915A(b)(1).

As an initial matter, the Complaint must be dismissed against the sole Defendant, the State of Ohio, because the State of Ohio is immune from suit in this federal court. Absent an express

4

waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and Plaintiff's Complaint should be dismissed.

The Complaint is also subject to dismissal as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915A(b)(1). In a prior case filed by Plaintiff, he raised the same factual allegations as those asserted in this case:

> The defendants refused to allow the plaintiff while incarcerated his discoveries for Case Numbers 22-CR-6073 and 6085 State of Ohio v. Salvatore Juliano Sowell to: represent himself pro se due to there being first and last names of employees of the defendants and names of government agencies on documents submitted in those cases aforementioned.

5

*See Sowell v. United States of America*, Case No. 2:25-cv-3 (S.D. Ohio Jan. 3, 2025) (Doc. 4 at PageID 31).[3] As in this case, Plaintiff also requested that the Court "move a special agent to hand deliver" requested documents from the Social Security Administration and Ohio DMV to him and to open a bank account in his name. *See id.* at Doc. 1-1, Complaint at PageID 18; Doc. 5 at PageID 48. In Case No. 2:25-cv-3, the Court determined that Plaintiff's complaint was subject to dismissal for failure to state a claim upon which relief could be granted and frivolousness. Specifically, as to Plaintiff's failure to state a claim upon which relief may be granted, the Court determined that Plaintiff failed to meet the basic pleading requirement set forth in Fed. R. Civ. P. 8(a)(2), as he failed to set forth any factual allegations as to what actions any defendant took in allegedly violating his rights. The Court further determined that Plaintiff's repetitive requests for relief were frivolous for the purpose of 28 U.S.C. § 1915(e)(2)(B). *See Sowell*, No. 2:25-cv-3 (Doc. 5 at PageID 46, 48).

The same analysis applies here. Plaintiff's Complaint likewise fail to set forth any factual allegations regarding the sole Defendant, the State of Ohio. Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5. *See, e.g.*, *Miller v. Ohio Dep't. Rehab. & Corr.*, Case No. 1:20-cv-597, 2020 WL 5369059, at *2 (S.D. Ohio Aug. 5, 2020) ("Without any allegations of wrongdoing on the part of the named defendants the

---

[3] The undersigned notes that Plaintiff raised similar factual allegations in another complaint in *Sowell v. Franklin Cnty.,* Case No. 2:25-cv-362 (S.D. Ohio Apr. 7, 2025) (Doc. 1, Complaint at PageID 7) (alleging he "cannot receive a fair trial in the pending criminal cases, case numbers 22-CR-6073 and 6085" due to defendants alleged "submitting as evidence into those cases aforementioned documents pertaining to an identify theft lawsuit against Huntington Bank that listed several Franklin County Common Pleas Court Judges as individuals.").

complaint is subject to dismissal.") (Report & Recommendation), *adopted*, 2020 WL 5230886 (S.D. Ohio Sept. 2, 2020). Furthermore, Plaintiff's repetitive allegations—duplicative of those filed in Case No. 2:25-cv-3 and his prior cases—should be dismissed as frivolous. *See Bush v. Jewish Hosp.,* No. 1:13-cv-574, 2013 WL 6199189, at *5 (S.D. Ohio Nov. 27, 2013) (dismissing duplicative case as frivolous); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage as frivolous and lacking "an arguable basis in law or in fact"). This includes the nearly verbatim allegations regarding his alleged inability receive a fair trial in his criminal cases, as well as his request that the Court require the Social Security Administration and Ohio DMV to produce documents, a special agent to hand deliver those documents, and a bank account to be opened in his name.

Accordingly, in sum, the Complaint should be dismissed for failure to state a claim upon which relief may be granted and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1. The Complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

July 17, 2025                                        *s/ Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                 United States Magistrate Judge